■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK LAWRENCE NESBITT, Appellant.— Appeal from an order of County Court, Delaware County, denying a writ of error *coram nobis*. The defendant-appellant in this *coram nobis* proceeding swore at the hearing that before he pleaded guilty in 1949 to abandonment of children, the District Attorney promised him in a personal conversation that he would receive a suspended sentence. Instead a prison sentence and fine were imposed by the court on his plea of guilty. This promise was denied by the District Attorney who was sworn on the hearing. The failure of counsel for the defendant at the time the plea was entered to raise any question about such a promise, which would have been his duty in the circumstances had the promise been disclosed to him as appellant testified it was; and the failure of the defendant to raise any question about it then or in any reasonably contemporaneous later time, leads us to the conclusion that the finding by the County Court against the defendant on this contention is fully justified. Defendant also contends that he was not represented adequately by assigned counsel at the time of this conviction. It is conceded that assigned counsel was professionally competent. Defendant swears he had a short private consultation with counsel. He does not say that he had a defense to the charge which counsel should have undertaken to present to the court; on the contrary he says he told counsel that he had been promised a suspended sentence and that counsel advised him in the circumstances it would be preferable to plead guilty. Counsel was sworn, but had no independent recollection of the case or of the consultation, but stated that if such a promise had been disclosed he would, as a matter of practice, have called the attention of the court to it. We think the representation by counsel in these circumstances, in which defendant does not raise the question of his innocence, but merely what the sentence should have been, has been shown to be adequate. There is sufficient proof that the question was asked defendant whether he had any ground why sentence should not be imposed and that he answered negatively. The conceded presence of counsel at the time of plea and sentence and the failure to state any objection then to the imposition of sentence under the facts in this record constitute a sufficient waiver of the two-day period. Order affirmed. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.